AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No: 1:20-cr-00097-01 |
| Danielle L. Dowling | ) | |
| | ) | USM No: 17538-028 |
| Date of Original Judgment: 3/10/2022 | ) | |
| Date of Previous Amended Judgment: | ) | Gwendolyn Beitz |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   03/10/2022   shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 05/09/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

James R. Sweeney, II, District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-0097-JRS-TAB |
| | ) | |
| DANIELLE L. DOWLING, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Order on Motions for Sentence Reduction**

Danielle Dowling was sentenced to 120 months' imprisonment after pleading guilty to Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. (J. 1, ECF No. 1352.) This matter is now before the Court on Dowling's Motions to reduce her sentence under 18 U.S.C. § 3582, USSG § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (ECF Nos. 1503, 1553, 1554.)

### I.     Legal Standard

The Court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the sentencing guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at U.S.S.G. § 1B1.10 provides that the Court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines. Those amendments are set forth in § 1B1.10(d). Amendment 821, Part B, "Zero-Point Offenders" allows a two-level reduction in offense level to certain offenders with no prior criminal history. The Court must consider the 18 U.S.C. § 3553(a) factors in deciding whether and how to reduce a sentence. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, comment (n.1(B)).

## II. Discussion

Dowling was sentenced to 120 months' imprisonment. In imposing the sentence, the Court adopted the presentence investigation report prepared by the U.S. Probation Office. (Statement of Reasons 1, ECF No. 1353.) Although the 2018 Guidelines Manual was used to determine the offense level, the then-applicable 2021 sentencing guidelines produced the same number. (*Id.*) The base offense level was 38 because the offense involved over 4.5 kilograms of actual methamphetamine. (Presentence Investigation Report ¶ 18, ECF No. 644.) Two levels were added under U.S.S.G. § 2D1.1(b)(1) because Dowling possessed a firearm during the offense, and three levels were added under U.S.S.G. § 3B1.1(b) because Dowling was a manager or supervisor and the conspiracy involved five or more participants or was otherwise extensive. (*Id.* ¶¶ 19, 21.) Three levels were subtracted for Dowling's acceptance responsibility, yielding a total offense level of 40. (*Id.* ¶¶ 25–27.) With a criminal history category of I, the guideline range was 292 to 365 months' imprisonment. (*Id.* ¶ 73.) The Court imposed a sentence of 120 months, well below the guideline range.

Dowling argues that Amendment 821 should give her a two-level reduction as a zero-point offender. (Motion 2, ECF No. 1554.) The Government argues that Dowling is ineligible for two reasons: "she possessed a firearm in connection with the offense and was found to be a manager or supervisor in the drug trafficking conspiracy." (Gov't's Opp. 1, ECF No. 1562.) The Government is correct on both counts. Although Dowling did have zero criminal history points, Amendment 821 applies only to those zero-point offenders who also meet certain criteria. A defendant is not eligible for the

2

reduction if, among other things, she "possess[ed] . . . a firearm . . . in connection with the offense" or "receive[d] an adjustment under [U.S.S.G.] § 3B1.1."  U.S.S.G. §§ 4C1.1(a)(7), (a)(10).  Because Dowling possessed a firearm during the offense of conviction and because she was a manger or supervisor in the offense of conviction, she is not eligible for a two-level reduction under Amendment 821, Part B.

The 120-month term of imprisonment remains as imposed at sentencing.

### III.   Conclusion

The Court finds that Amendment 821 does not change the applicable guideline range, so Dowling's Motions to Reduce Sentence, (ECF Nos. 1503, 1553, 1554), are **denied.**

**SO ORDERED.**

Date: 05/09/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution by U.S. Mail to:

Danielle Lee Dowling
Reg. # 17538-028
FCI Greenville
P.O. Box 6000
Greenville, IL 62246

Distribution by CM/ECF to all counsel of record